David P. Beitchman, Esq.
BEITCHMAN & ZEKIAN, ALP
510 West Sixth Street
Penthouse 1220
Los Angeles, CA 90014
(213) 488-1115
Attorney for Defendant
Sarkis K. Semerdjian

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>SARKIS K. SEMERDJIAN,<br><br>          Defendant.<br>_____ | Case No. CR99-230 FCD<br><br>STIPULATION AND ORDER TO TERMINATE PROBATION |

**TO THE HONORABLE FRANK C. DAMRELL, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

      The United States of America, by and through its counsel, Daniel S. Linhardt, and Sarkis Semerdjian, by and through his counsel, David P. Beitchman, hereby stipulate to the following:

      1.     On or about June 17, 1999 The United States filed Information as to Sarkis Semerdjian, alleging one count of health care fraud, in violation of Title 18, section 1347, United States Code.

      2.     On or about September 20, 1999, Defendant Sarkis Semerdjian, represented by separate counsel Alex Kessel, entered a plea of guilty as to the Information.

**STIPULATION AND ORDER TO TERMINATE PROBATION**

1        3.      On or about August 20, 2001, Defendant Sarkis Semerdjian was sentenced to
2 twelve (12) months halfway-house confinement (later reduced to eight (8) months), thirty-six
3 (36) months probation, and restitution in the amount of $136,000.00.
4        4.      Defendant was ordered by his probation officer to pay restitution on a monthly
5 basis in the amount of $100.00 per month. As of the date of this stipulation, Defendant has
6 complied with all terms and conditions of his supervised release, including the making of regular
7 payments as called for by his please agreement and probation officer's direction.
8        5.      Defendant Sarkis Semerdjian's probation is due to terminate in approximately six
9 (6) months.
10       6.      As evidenced by **Exhibit A**, attached herewith, Defendant has been employed
11 throughout his probation by Artashes Limited, and in that capacity, is required to travel within
12 and outside of the United States. Per **Exhibit A**, in order to maintain this employment, Artashes
13 Limited has stated that Defendant Sarkis Semerdjian must indicate his ability to travel by
14 July 18, 2005.
15       7.      Per agreement of the parties, it is further stipulated as follows:
16              A.      The Government shall not oppose a request by Defendant and/or and
17                      order of this Court terminating Defendant's probation immediately,
18                      approximately six (6) months prior to its natural termination date.
19              B.      In consideration therefore, Defendant shall pay immediately via cashier's
20                      check, the amount of $4,000.00 toward Defendant's remaining restitution
21                      balance (approximately $133,000.00).
22              C.      In further consideration therefore Defendant shall increase his monthly
23                      restitution payments to $200.00 month, and shall prepay the remaining six
24                      (6) months, for a total of $1,200.00, due immediately.
25              D.      Defendant shall enter into a written settlement agreement whereby
26                      Defendant shall pay a minimum of $200.00 per month towards his
27                      restitution balance until said amount is paid in its entirety.
28 ///

E.  The United States shall formally notify the Defendant Semerdjian's probation officer upon the immediate effective date of termination of Defendant's probation, so that Defendant Semerdjian may maintain his employment.

**IT IS SO STIPULATED**

DATED: July 12, 2005                    BEITCHMAN & ZEKIAN, P.C.


By:  /David P. Beitchman/
DAVID P. BEITCHMAN
Attorney for Defendant


DATED: July 13 , 2005                   ASSISTANT U.S. ATTORNEY


By: /Ok per Telephone/
DANIEL S. LINHARDT
Attorney for the United States

**ORDER**

GOOD CAUSE SHOWING, and after further consultation with the probation officer, the court's minute order filed July 26, 2005 is VACATED and in light of Defendant's conduct throughout his probation, and in consideration of payment forthwith of $5,200.00, as well as Defendant's agreement to pay $200.00 per month toward the Court ordered restitution balance, until said balance is paid in full, the period of supervised release for Defendant Semerdjian is hereby terminated.

IT IS SO ORDERED

DATED: August 12, 2005                  /s/ Frank C. Damrell Jr.
                                        HONORABLE FRANK C. DAMRELL JR.
                                        U.S. DISTRICT JUDGE